# EXHIBIT A

Declaration of Lawrence Fitzpatrick

(Attached)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE: | Chapter 11 |
| THE FAIRBANKS COMPANY, | Case No. 18-41768-PWB |
| Debtor. | |

**DECLARATION OF LAWRENCE FITZPATRICK
IN SUPPORT OF THE DEBTOR'S MOTION FOR AN ORDER
APPOINTING LAWRENCE FITZPATRICK AS
<u>LEGAL REPRESENTATIVE FOR FUTURE CLAIMANTS</u>**

I, Lawrence Fitzpatrick, state the following in support of the *Debtor's Motion for an Order Appointing Lawrence Fitzpatrick as Legal Representative for Future Claimants* (the "<u>Motion</u>"):[1]

1. My professional qualifications to serve as the legal representative for future asbestos personal injury claimants of the Debtor, the "Future Claimants' Representative," are accurately set forth in my curriculum vitae, attached hereto as <u>Schedule 1</u>.

2. I am a graduate of the University of Illinois Law School. From October 1988 through December 1998, I served as President and Chief Executive Officer of the Center for Claims Resolution, Inc. (the "<u>CCR</u>"), an organization that specialized in the administration and processing of asbestos-related tort claims. In 2001, I returned to the CCR as Executive Director to assist with the winding down of its affairs after the CCR ceased operations during my absence.

3. During the last eighteen years, I have served as the legal representative for future asbestos personal injury claimants in numerous large and complex asbestos-related bankruptcy cases, including <u>In re Kaiser Gypsum Co.</u>, Case No. 16-31602 (JCW) (Bankr.

---
[1] Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Motion.

W.D.N.C. 2016); In re Sepco Corp., Case No. 16-50058 (Bankr. N.D. Ohio); In re Rapid-American Corp., Case No. 13-10687 (SMB) (Bankr. S.D.N.Y.); In re Metex Mfg. Corp., Case No. 12-14554 (BRL) (Bankr. S.D.N.Y.); In re Durabla Mfg. Co., Case No. 09-14415 (MFW) (Bankr. D. Del.); In re A.P. Green Indus. Inc., Case No. 02-21639 (JKF) (Bankr. W.D. Pa.); In re Global Indus. Technologies, Inc., Case No. 02-21626 (JKF) (Bankr. W.D. Pa.); In re ACandS, Inc., Case No. 02-12687 (KG) (Bankr. D. Del.); In re North Am. Refractories Co., Case No. 02-20198 (JKF) (Bankr. W.D. Pa.); and In re Pittsburgh Corning Corp., Case No. 00-22876 (JKF) (Bankr. W.D. Pa.).  I currently serve as the Future Claimants' Representative in the pending bankruptcy cases of Rapid American Corporation, Kaiser Gypsum Co., and Sepco Corp. Additionally, I serve as legal representative to the settlement trusts established in the bankruptcy cases of ACandS, Durabla Manufacturing Company, Global Industrial Technologies, Metex Manufacturing Corporation, North American Refractories Company, and Pittsburgh Corning Corporation.

    4. The Debtor has provided me with a list of names (collectively, the "Interested Parties"), a copy of which is attached hereto as Schedule 2, of individuals or institutions in the following categories:

  a. Directors, Officers and Shareholders;

  b. Creditors;

  c. The U.S. Trustee, Judges and Court Contacts for the Bankruptcy Court for the Northern District of Georgia; and

  d. the ten law firms representing the largest number of asbestos claimants.

    5. I have reviewed the list of Interested Parties.  To the best of my knowledge, information and belief, insofar as I have been able to ascertain after reasonable inquiry, I do not represent, and have not represented, any entity in matters related to this Chapter

11 Case and, other than in connection with this Chapter 11 Case, based upon the list of Interested Parties, I have no connection with the Debtor, its creditors, the United States Trustee for the Northern District of Georgia or any other party with actual or potential interest in this Chapter 11 Case or the respective attorneys or accounts.

6. To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry based on the list of entities set forth on Schedule 2, I do not hold or represent an interest adverse to the Debtor or its respective estates, and I am a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, in that, except as set forth in this Declaration:

(a) I have no connection with the Debtor, its creditors, the United States Trustee, any person employed in the office of the United States Trustee or any other party with an actual or potential interest in these chapter 11 cases or their respective attorneys or accountants;

(b) I am not a creditor, equity security holder or insider of the Debtor;

(c) I am not and was not, within two years of the Petition Date, a director, officer or employee of the Debtor; and

(d) I do not have an interest materially adverse to the Debtor, its estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with or interest in the Debtor, or for any other reason. Accordingly, I believe that I am a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code.

7. No agreement or understanding exists between me and any other person for the sharing of compensation received or to be received for services rendered by me in connection with this proceeding.

8. Except as set forth in the Motion and this Declaration, I have not received compensation in this case, nor has an agreement been made as to compensation to be paid.

- 3 -

9.   I have agreed to charge a rate of $520 per hour for my incurred time, subject to periodic adjustment, plus reimbursement of actual and necessary out-of-pocket expenses.

10.   I understand that my service as the Future Claimants' Representative in connection with the Debtor's chapter 11 case, subject to approval by the Court, would be on the following terms:

- a. Standing - The Future Claimants' Representative shall have standing under section 1109(b) of the Bankruptcy Code to be heard as a party-in-interest in all matters relating to the Debtor's chapter 11 case and shall have such powers and duties of a committee, as set forth in 11 U.S.C. § 1103, as are appropriate for a Future Claimants' Representative;[2]

- b. Engagement of Professionals - The Future Claimants' Representative may, with prior approval from the Court pursuant to sections 105(a), 327 and 1103 of the Bankruptcy Code and consistent with the treatment afforded other professionals in this chapter 11 case, retain attorneys and other professionals;

- c. Compensation – The Future Claimants' Representative shall apply for compensation in accordance with the Bankruptcy Code, the Local Rules, and any order entered by the Court establishing procedures for interim compensation and reimbursement of expenses of professionals. Subject to Court approval, I shall be compensated at my hourly rate of $520, subject to periodic adjustment, plus reimbursement of reasonable expenses. I agree to look first to the balance in the Administrative Fund established by Liberty Mutual Insurance Company for payment of my fees and expenses incurred in connection with this Chapter 11 Case, but I am not waiving any right to payment from the Debtor's other funds in the event that the Administrative Fund is insufficient or otherwise unavailable for any reason.

- d. Indemnification – The Debtor shall indemnify, defend and hold harmless the Future Claimants' Representative from and against any losses, claims, damages, or liabilities (or action in respect thereof) to which the Future Claimants' Representative may become subject as a result of or in connection with his rendering services hereunder, unless and until it is finally judicially determined that such losses, claims, damages or liabilities were caused by fraud or willful misconduct on the part of the Future Claimants' Representative in performing his

---

[2] See In re Johns-Manville Corp., 52 B.R. 940, 942 (S.D.N.Y. 1985) (legal representative for future claimants was authorized to exercise powers and perform duties of a committee under section 1103 of the Bankruptcy Code); In re UNR Indus., Inc., 71 B.R. 467, 478 (Bankr. N.D.Ill. 1987) (stating that the future claimants' representative was granted the powers and responsibilities of a committee).

- 4 -

obligations. The foregoing entitlement of the Future Claimants' Representative shall include, without limitation, the right to be indemnified against any liability related to or resulting from any information provided by the Future Claimants' Representative that is inaccurate in any respect as a result of misrepresentation, omission, failure to update, or otherwise, unless the Future Claimants' Representative actually knew of such inaccuracy at the time of the misrepresentation, omission, failure to update, or other occurrence in such action or proceeding, whether such action is concluded, ongoing, or threatened; and the right to be indemnified for any expenses, including reasonable attorney's fees, that the Future Claimants' Representative may incur in enforcing this indemnification provision. In the event that full indemnification is not available to the Future Claimants' Representative as a matter of law, then, to the extent permitted by applicable law, his aggregate liability shall be limited to the total fees collected for the services rendered and, in any event, shall be limited by a final adjudication of his relative degree of fault and benefit received;

e. <u>Right to Receive Notices</u> – Mr. Fitzpatrick and any professionals retained by Mr. Fitzpatrick and approved by the Court shall have the right to receive all notices and pleadings that are required to be served upon any statutory committee and its counsel pursuant to applicable law or an order of the Court.

11. I will review any order entered by this Court establishing procedures for interim compensation and reimbursement of expenses of professionals, and I agree to comply with the provisions thereof.

*[The remainder of this page was intentionally left blank.]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Date: August 6, 2018

By: *Lawrence Fitzpatrick*
Lawrence Fitzpatrick

**SCHEDULE 1**

Curriculum Vitae

(Attached)

# LAWRENCE FITZPATRICK

100 American Metro Boulevard, Suite 108, Hamilton, NJ 08619 · Phone: (609) 219-8862

14 Stonelea Drive, Princeton Junction, New Jersey 08550 · Phone: (609) 275-8840

## PROFESSIONAL EXPERIENCE

Positions Held Since January, 1999

*October, 2014 – Present*
SOLE TRUSTEE OF MET-COIL TCE PI SETTLEMENT TRUST
   Responsible for managing a multi-million dollar Trust established to compensate victims of TCE (trichloroethylene) exposure in two Chicago suburbs where the drinking water was contaminated by decades of spillage of TCE at a metal fabrication facility.

*February, 2001 – Present*
FUTURE CLAIM REPRESENTATIVE IN PITTSBURGH CORNING BANKRUPTCY
   Appointed by the United States Bankruptcy Court for the Western District of Pennsylvania to represent the interests of claimants who have not yet manifested an asbestos-related disease but may do so in the future.

*November, 2001 – Present*
EXECUTIVE DIRECTOR OF THE CENTER FOR CLAIMS RESOLUTION
   Rehired by the CCR to help finalize settlements, litigate against surety bond companies and others, and provide testimony as required.

*December, 2002 – Present*
FUTURE CLAIM REPRESENTATIVE IN NARCO BANKRUPTCY
   Appointed by the United States Bankruptcy Court for the Western District of Pennsylvania to represent the interest of claimants who have not yet manifested an asbestos-related disease but may do so in the future.

*February, 2003 – Present*
FUTURE CLAIM REPRESENTATIVE IN AC&S BANKRUPTCY
   Appointed by the United States Bankruptcy Court for the District of Delaware to represent the interests of claimants who have not yet manifested an asbestos-related disease but may do so in the future.

*April, 2003 – Present*
FUTURE CLAIM REPRESENTATIVE IN A.P. GREEN BANKRUPTCY
   Appointed by the United States Bankruptcy Court for the Western District of Pennsylvania to represent the interests of claimants who have not yet manifested an asbestos-related disease but may do so in the future.

*May, 2010 – Present*
FUTURE CLAIM REPRESENTATIVE IN DURABLA MANUFACTURING COMPANY BANKRUPTCY
> Appointed by the United States Bankruptcy Court for the District of Delaware to represent the interests of claimants who have not yet manifested an asbestos-related disease but may do so in the future.

*January 2013 – Present*
FUTURE CLAIM REPRESENTATIVE IN METEX MFG. CORPORATION BANKRUPTCY
> Appointed by the United States Bankruptcy Court for the Southern District of New York to represent the interests of claimants who have not yet manifested an asbestos-related disease but may do so in the future.

*September, 2013 – Present*
FUTURE CLAIM REPRESENTATIVE IN RAPID-AMERICAN CORPORATION BANKRUPTCY
> Appointed by the United States Bankruptcy Court for the Southern District of New York to represent the interests of claimants who have not yet manifested an asbestos-related disease but may do so in the future.

*October, 2016 – Present*
FUTURE CLAIM REPRESENTATIVE IN KAISER GYPSUM COMPANY BANKRUPTCY
> Appointed by the United States Bankruptcy Court for the Western District of North Carolina to represent the interests of claimants who have not yet manifested an asbestos-related disease but may do so in the future.

*September, 2017 – Present*
FUTURE CLAIM REPRESENTATIVE IN THE SEPCO CORPORATION BANKRUPTCY
> Appointed by the United States Bankruptcy Court for the Northern District of Ohio to represent the interests of claimants who have not yet manifested an asbestos-related disease but may do so in the future.

August, 1999 – December, 2006
SOLE TRUSTEE OF FIBREBOARD SETTLEMENT TRUST
> Responsible for prudently investing a $1.8 billion Trust set up to pay Fibreboard's asbestos claimants and for approving all payments out of the Trust's funds. Paid approximately $800 million asbestos claims.

October, 1988 – December, 1998
PRESIDENT AND CHIEF EXECUTIVE OFFICER
Center for Claims Resolution, Inc., Princeton, New Jersey
> The Center for Claims Resolution, Inc. (CCR) handled asbestos claims on behalf of its 20 member companies, their insurers and reinsurers. It also provided a variety of services (insurance billing, data processing, consulting, etc.) to select non-member companies. During my tenure at the CCR, it disposed of over 270,000 claims and billed, collected and dispersed over $2 billion in payments. It also closely controlled legal costs associated with processing claims through a computer-monitored case management system, utilization of salaried staff counsel to perform functions normally done by outside lawyers,

captive CCR law offices in selected jurisdictions, and the implementation of an administrative claims program to handle claims outside the tort system.

February, 1986 – October, 1988
VICE PRESIDENT, LAW
Asbestos Claims Facility, Princeton, New Jersey

The ACF was a joint venture of 35 companies and 16 of their insurers formed at handle asbestos claims against the members. As Vice President, Law, I was responsible for managing the defense of the members in all litigation nationwide. My accomplishments included reducing the number of law firms engaged in defending the members from over 1,100 to 65, resulting in savings of over $100 million annually, improving the success rate in cases that went to trial from 28% to 65% and the institution of programs to deal with persons with physical changes from exposure to asbestos, but no impairment from that exposure, outside the tort system.

February, 1980 – February, 1986
LEGAL COUNSEL
Owens-Illinois, Inc., Toledo, Ohio

Responsible for managing asbestos personal injury claims, property damage claims and insurance litigation involving the company. Also had responsibility for a variety of non-asbestos matters, including major real estate acquisitions and divestitures, advertising and consumer affairs, labor matters and anti-trust compliance.

August, 1975 – February, 1980
ASSISTANT GENERAL ATTORNEY
Roper Corporation, Kankakee, Illinois

Responsible for all product liability and insurance matters, as well as labor negotiations and arbitration, tax matters, anti-trust and consumer affairs.

## EDUCATION

University of Illinois, B.S. in Accounting, 1970
University of Illinois, J.D., 1975

## PUBLICATIONS IN THE LAST 10 YEARS

Prepackage Bankruptcies: Down but not Out, New York University Annual Survey of American Law, Volume 63, Issue 4 (2008). (With E. Green, J. Patton, E. Harron and T. Turner)

SCHEDULE 2

THE DEBTOR
The Fairbanks Company

DIRECTORS/OFFICERS/SHAREHOLDERS
Robert P. Lahre
Richard W. Colburn
Betsy P. Colburn, c/o Henley Management Company
BMO Harris Bank, N.A., Hilary P. Colburn 2011 Trust c/o Henley Management Company
BMO Harris Bank, N.A., Trevor W. Colburn 2011 Trust c/o Henley Management Company
Keith W. Colburn, Trustee U/D/T dated 2/16/78 with Keith W. Colburn as Settlor c/o Henley Management Company
Keith W. Colburn, Trustee U/D/T for the benefit of Alexander J. Colburn c/o Henley Management Company
Keith W. Colburn, Trustee U/D/T for the benefit of Sarah J. Colburn c/o Henley Management Company
Richard W. Colburn, Trustee U/D/T dated 7/13/78 with Richard W. Colburn as Settlor c/o Henley Management Company
Richard W. Colburn, Trustee U/D/T for the benefit of Andrew S. Colburn c/o Henley Management Company
Richard W. Colburn, Trustee U/D/T for the benefit of Catherine Hogel c/o Henley Management Company
Richard W. Colburn, Trustee U/D/T for the benefit of Elisabeth Hogel c/o Henley Management Company
Richard W. Colburn, Trustee U/D/T for the benefit of Erik Hogel c/o Henley Management Company
Richard W. Colburn, Trustee U/D/T for the benefit of Richard W. Colburn II c/o Henley Management Company
The Colburn School
Delos Dunton, LLC

THE PARTIES LISTED ON THE DEBTOR'S CREDITOR MATRIX FILED ON THE PETITION DATE

THE U.S. TRUSTEE, JUDGES AND COURT CONTACTS FOR THE BANKRUPTCY COURT FOR NORTHERN DISTRICT OF GEORGIA
Chief Judge Wendy L. Hagenau
Judge Paul M. Baisier
Judge Paul W. Bonapfel
Judge Jeffrey W. Cavender
Judge W. H. Drake Jr.
Judge Barbara Ellis-Monro
Judge Lisa Ritchey Craig
Judge James R. Sacca
Elizabeth Hardy

Stacey Jones
Vania Allen
Fred Childers
Craig Raber
Lynn Saunders
M. Regina Thomas
Daniel M. McDermott
Elizabeth Hardy
Martin Ochs