IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE:<br><br>THE FAIRBANKS COMPANY,<br><br>Debtor. | Chapter 11<br><br>Case No. 18-41768-PWB |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) ESTABLISHING
BAR DATES FOR SUBMITTING NON-ASBESTOS PROOFS OF CLAIM,
(II) APPROVING PROCEDURES FOR SUBMITTING NON-ASBESTOS
PROOFS OF CLAIM, AND (III) APPROVING NOTICE THEREOF**

The Fairbanks Company (the "Debtor"), the debtor and debtor-in-possession in the above-captioned case (this "Chapter 11 Case"), through its undersigned counsel, hereby moves (the "Motion") this Court for the entry of an order, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), and Rule 3003(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) establishing bar dates for filing non-asbestos proofs of claim, (ii) approving procedures for submitting non-asbestos proofs of claim, and (iii) approving notice thereof, and respectfully represents as follows:

**JURISDICTION**

1.   This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.   The statutory predicate for the relief requested herein is section 105(a) of the Bankruptcy Code.  Such relief is warranted under Bankruptcy Rule 3003(c).

**BACKGROUND**

3. On July 31, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Georgia, Rome Division (the "Court").

4. The Debtor continues in the management and operation of its business and property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or creditors' committee has been appointed in this Chapter 11 Case.

5. Information regarding the Debtor and this Chapter 11 Case, including the Debtor's business, corporate structure, financial condition, and the reasons for and objectives of this Chapter 11 Case, is set forth in the First Day Declaration, filed on the Petition Date and fully incorporated herein by reference.[1]

6. During its history, the Debtor manufactured, sold, or distributed a line of bronze and iron valves that contained asbestos packing. As a result, for many years, the Debtor has been a defendant in litigation in multiple jurisdictions in which claimants (the "Asbestos Claimants") seek money for personal injury and wrongful death as a result of alleged exposure to asbestos-containing products manufactured, sold, or distributed by the Debtor (the "Asbestos Claims"). As of the Petition Date, the Debtor estimates that there are more than 1,100 Asbestos Claims outstanding against the Debtor in various jurisdictions around the country.

7. The Debtor commenced this Chapter 11 Case to address existing and future Asbestos Claims through formation of a plan of reorganization pursuant to section 524(g) of the Bankruptcy Code. To resolve the Asbestos Claims, the Debtor intends to seek confirmation of a chapter 11 plan of reorganization that will provide for the establishment of an asbestos personal injury trust into which certain assets of the Debtor, including but not limited to insurance rights and

---

[1] Capitalized terms used but not defined in this Motion have the meanings given in the First Day Declaration.

- 2 -

settlement proceeds, will be transferred.  The trust will assume liability for all Asbestos Claims and use its assets to resolve the Asbestos Claims and, if eligible, compensate the holders of the Asbestos Claims.  By establishing procedures to govern trust distributions, the trust will be able to value and pay Asbestos Claims and Demands in a fair and efficient manner.

8. On August 10, 2018, the Debtor filed a motion to retain Logan & Company, Inc. (the "Claims Agent") as claims and noticing agent in this Chapter 11 Case.

## RELIEF REQUESTED

9. By this Motion, the Debtor seeks the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Bar Date Order"):  (i) establishing Bar Dates (as defined herein) for creditors to submit non-asbestos proofs of claim in this Chapter 11 Case; (ii) approving the procedures described herein for submitting non-asbestos proofs of claim; and (iii) approving the form and manner of service of the bar date notice attached hereto as **Exhibit B** (the "Proposed Bar Date Notice").

## BASIS FOR RELIEF

10. Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which proofs of claim must be filed in chapter 11 cases.  This Bankruptcy Rule provides further that any creditor whose claim is not scheduled or whose claim is scheduled as disputed, contingent, or unliquidated must file a proof of claim.  Accordingly, the Debtor requests that the Court establish the following bar dates in this Chapter 11 Case.

11. Except as otherwise provided herein, the Debtor requests that all persons and entities, including individuals, partnerships, corporations, joint ventures, and trusts that assert a Claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtor that arose prior to the Petition Date, including unpaid claims pursuant to section 503(b)(9) of the Bankruptcy Code

- 3 -

(each, a "503(b)(9) Claim"), be required to file written proof of such Claim so that it is *actually received* by the Claims Agent on or before **5:00 p.m. prevailing Eastern Time on October 8, 2018** (the "General Bar Date").

12. Except as otherwise provided herein, the Debtor also requests that all governmental units that assert a Claim against the Debtor that arose prior to the Petition Date be required to file written proof of such Claim so that it is *actually received* by the Claims Agent on or before **5:00 p.m. prevailing Eastern Time on January 28, 2019** (the "Governmental Bar Date").

13. If approved, the proposed General Bar Date would occur sixty (60) days after service of this Motion, and the proposed Governmental Bar Date would occur 180 days from the Petition Date, which will give creditors ample opportunity to prepare and file proofs of claim.

14. The Debtor also requests that, for any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, those persons or entities must, unless otherwise stated in the order authorizing such rejection, file a proof of claim based on such rejection on or before the later of: (i) the General Bar Date; or (ii) the date that is thirty (30) days after the entry of the order authorizing such rejection (the "Rejection Damages Bar Date" and, collectively with the General Bar Date and the Governmental Bar Date, the "Bar Dates").

15. Notwithstanding the foregoing, the Debtor requests that the following persons or entities *not* be required to file a proof of claim on or before the applicable Bar Date:

   a. any person or entity that already has filed with the Claims Agent or the Clerk of the Bankruptcy Court a signed proof of claim against the Debtor using a claim form that substantially conforms to Official Form No. 410;

   b. any person or entity whose claim is listed on the Schedules if (i) the claim is not scheduled as "disputed," "contingent," or "unliquidated" and (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules;

- 4 -

    c.       any holder of a Claim that previously has been allowed by order of the Court entered on or before the applicable Bar Date;

    d.       any holder of a Claim that has been paid in full or otherwise satisfied by the Debtor (or any other party);

    e.       any holder of a Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than a 503(b)(9) Claim, which must be asserted by the General Bar Date); and

    f.       ***any holder of an asbestos-related personal injury or wrongful death claim against the Debtor, including claims for unpaid portions of settled asbestos-related personal injury or wrongful death claims.***

    16.       The Debtor proposes to exclude Asbestos Claimants from the list of parties that are required to file a proof of claim by the General Bar Date.  The Debtor intends to resolve all existing and future Asbestos Claims by seeking confirmation of a chapter 11 plan of reorganization establishing an asbestos personal injury trust that will assume liability for all Asbestos Claims and use its assets to resolve the Asbestos Claims and, if eligible, compensate the holders of the Asbestos Claims.  Review and liquidation of the Asbestos Claims will be accomplished by the asbestos personal injury trust pursuant to trust distribution procedures established in connection with the Debtor's chapter 11 plan.  Consequently, as this Court will never have occasion to adjudicate the Asbestos Claims, there is no practical reason for Asbestos Claimants to file proof of their Asbestos Claims as part of the claim process in this Chapter 11 Case.  Any effort to file Asbestos Claims in the Chapter 11 Case merely would duplicate the trust's claims resolution process and cause unnecessary delay and expense for the Debtor's estate.

    17.       The Debtor requests that this Court require all proofs of claim submitted in this Chapter 11 Case be consistent with the following:

    a.       Each proof of claim must:  (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) be written in the English; (iii) be denominated in United States currency; and (iv) conform substantially with Official Form 410.

    b.      In addition to the requirements set forth in (a) above, any proof of claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtor in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtor under section 546(c) of the Bankruptcy Code (if applicable).

    c.      Parties who wish to receive proof of receipt of their proofs of claim from the Claims Agent must also include with their proof of claim a copy of their proof of claim and a self-addressed, stamped envelope.

    d.      Each proof of claim, including supporting documentation, must be submitted so that the Claims Agent **actually receives** the proof of claim on or before the applicable Bar Date by first-class U.S. Mail, personal delivery, or overnight courier, which proof of claim must include an **original** signature, at the following address:

> Logan & Company, Inc.
> 546 Valley Road
> Upper Montclair, NJ 07043
> Attn: The Fairbanks Company

### **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM**

18.    The Debtor proposes that, pursuant to Bankruptcy Rule 3003(c)(2), any person or entity that is required to file a timely proof of claim or interest and that fails to do so on or before the applicable Bar Date shall not receive or be entitled to receive any payment or distribution of property from the Debtor, its estate, or its successors or assigns with respect to such claim or interest, and shall be forever barred from asserting such claim or interest against the Debtor, its estates, or its successors or assigns.

### **NOTICE OF THE BAR DATE ORDER AND THE BAR DATE**

19.    Pursuant to Bankruptcy Rule 2002(a)(7), the Debtor proposes to cause the Claims Agent to serve by first class U.S. Mail the Proposed Bar Date Notice and a copy of Official Form 410 upon: (i) all parties identified on the Master Service List established in this Chapter 11 Case; (ii) all persons or entities that have filed proofs of claim against the Debtor; (iii) all creditors

- 6 -

and other known holders of potential claims against the Debtor, including all persons or entities listed in the Debtor's schedules of assets and liabilities, *other than the Asbestos Claimants*; (iv) all parties to litigation with the Debtor or their counsel (if known), *other than the Asbestos Claimants*; and (v) the Internal Revenue Service and any other applicable governmental units.

20.     The Proposed Bar Date Notice notifies the above-referenced parties of the Bar Dates and contains information regarding who must file a proof of claim or interest, the procedure for filing a proof of claim or interest, and the consequences for failing to file a timely proof of claim or interest.  The Debtor requests that the Court enter an order approving the form of the Proposed Bar Date Notice.

## NOTICE

21.      Notice of this Motion has been provided to the entities identified on the Master Service List established in this Chapter 11 Case.  In light of the nature of the relief requested, the Debtor submits that no other or further notice is necessary.

## NO PRIOR REQUEST

22.     No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter an order substantially in the form attached hereto as **Exhibit A**:  (i) setting the Bar Dates for creditors to submit non-asbestos proofs of claim in this Chapter 11 Case; (ii) approving the procedures described herein for submitting non-asbestos proofs of claim; (iii) approving the form and manner of service of the Proposed Bar Date Notice; and (iv) granting such other and further relief as may be just and proper.

Dated:  August 10, 2018                    Respectfully submitted,

            By: */s/ William L. Rothschild*
               Paul M. Singer (*pro hac vice* admission pending)
               Luke A. Sizemore (*pro hac vice* admission pending)
               REED SMITH LLP
               225 Fifth Avenue, Suite 1200
               Pittsburgh, PA 15222
               Telephone:  (412) 288-3131
               Facsimile:  (412) 288-3063
               Email:  psinger@reedsmith.com
               Email:  lsizemore@reedsmith.com

               William L. Rothschild
               GA Bar I.D. 616150
               OGIER, ROTHSCHILD & ROSENFELD, PC
               Sandy Springs Office
               450 Winfield Glen Court
               Sandy Springs, GA  30342
               Telephone:  (404) 525-4000
               Facsimile:  (678) 381-1175
               Email:  br@orratl.com

               *Proposed Counsel to Debtor and Debtor-in-Possession*