**EXHIBIT B**

Proposed Bar Date Notice

(Attached)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| IN RE:<br><br>THE FAIRBANKS COMPANY,<br><br>Debtor. | Chapter 11<br><br>Case No. 18-41768-PWB |

### NOTICE TO CREDITORS OF DEADLINES FOR FILING PROOFS OF CLAIM

> TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST THE FAIRBANKS COMPANY, ***EXCEPT*** HOLDERS OF PERSONAL INJURY OR WRONGFUL DEATH CLAIMS ALLEGING EXPOSURE TO ASBESTOS OR ASBESTOS-CONTAINING PRODUCTS. ***HOLDERS OF PERSONAL INJURY OR WRONGFUL DEATH CLAIMS ALLEGING EXPOSURE TO ASBESTOS OR ASBESTOS-CONTAINING PRODUCTS ARE NOT REQUIRED TO, AND SHOULD NOT, FILE A PROOF OF CLAIM IN THIS BANKRUPTCY CASE.***

On August [●], 2018, the United States Bankruptcy Court for the Northern District of Georgia, Rome Division (the "Court") entered the *Order (I) Establishing Bar Dates for Submitting Non-Asbestos Proofs of Claim, (II) Approving Procedures for Submitting Non-Asbestos Proofs of Claim, and (III) Approving Notice Thereof* (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim in the above-captioned chapter 11 case (this "Chapter 11 Case") of The Fairbanks Company (the "Debtor").

Pursuant to the Bar Date Order, the Court established (i) **October 6, 2018** (the "General Bar Date") as the general deadline for non-governmental entities (including individuals, partnerships, corporations, joint ventures, and trusts), and (ii) **January 28, 2019** (the "Governmental Bar Date") as the deadline for governmental units, to file proofs of claim in this Chapter 11 Case for claims against the Debtor that arise or are deemed to have arisen prior to July 31, 2018 (the "Petition Date"), the date on which the Debtor filed its chapter 11 petition.

Additionally, any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, unless otherwise stated in the order authorizing such rejection, is required by the Bar Date Order to file a proof of claim based on such rejection on or before the later of: (i) the General Bar Date; or (ii) the date that is thirty (30) days after the entry of the order authorizing such rejection (the "Rejection Damages Bar Date" and, collectively with the General Bar Date and the Governmental Bar Date, the "Bar Dates")

For your convenience, enclosed with this notice is a customized proof of claim form (the "Proof of Claim Form"), which identifies on its face the amount of your claim(s), if any, identified in the Debtor's schedules of assets and liabilities and statement of financial affairs filed in this Chapter 11 Case (collectively, the "Schedules").

Contact information for the Debtor's claims and noticing agent, Logan & Company, Inc. (the "Claims Agent"), which is available to provide you with additional information regarding this Chapter 11 Case and the filing of a proof of claim, is provided in section 7 below.

1. **WHO MUST FILE A PROOF OF CLAIM**

Unless one of the exceptions described in section 4 below applies, if you have a claim that arose or is deemed to have arisen prior to the Petition Date, you MUST file a proof of claim to vote on a chapter 11 plan or to share in distributions from the Debtor's bankruptcy estate. Claims based on acts or omissions of the Debtor that occurred before the Petition Date must be filed on or prior to the applicable Bar Date, even if such claims are not now fixed, liquidated, or certain, or did not mature or become fixed, liquidated, or certain before the Petition Date. The following entities must file proofs of claim on or before the General Bar Date: (a) any entity (i) whose prepetition claim against the Debtor is not listed in the Schedules or is listed as "disputed," "contingent," or "unliquidated" and (ii) that desires to participate or share in any distribution in this Chapter 11 Case; and (b) any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules.

For purposes of the Bar Date Order, the term "Claim" means: (i) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured. The term interest means any equity or ownership interest in the Debtor.

2. **WHAT TO FILE**

The Debtor is enclosing a Proof of Claim Form for use in this Chapter 11 Case, or you may use another proof of claim form that conforms substantially to the standard proof of claim form, Official Form 410. If your claim is scheduled by the Debtor, the attached Proof of Claim Form also sets forth the amount of your scheduled claim. You will receive a different Proof of Claim Form for each claim scheduled in your name by the Debtor. You may utilize the Proof of Claim Form(s) provided by the Debtor to file your claim. Additional proof of claim forms may be obtained, free of charge, by contacting the Claims Agent or at the following website: http://www.uscourts.gov/forms/bankruptcy-forms.

All proof of claim forms must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. The proof of claim form must be written in English and denominated in United States currency. You should attach to your completed proof of claim form any documents upon which the claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available.

Any proof of claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtor in the twenty (20) days prior to the Petition Date; (ii) attach any documentation

- 2 -

identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtor under section 546(c) of the Bankruptcy Code (if applicable).

3. **WHEN AND WHERE TO FILE**

All proofs of claim must be **actually received on or before the applicable Bar Date** by the Claims Agent at the following address:

> **Logan & Company, Inc.**
> **546 Valley Road**
> **Upper Montclair, NJ 07043**
> **Attn:  The Fairbanks Company**

Claimants must submit proofs of claim to the Claims Agent in person or by courier service, hand delivery, or mail.  Proofs of claim will be deemed filed only when **actually received** by the Claims Agent on or before the applicable Bar Date.  **Proofs of claim may NOT be delivered by facsimile or electronic mail transmission.**  Any facsimile or electronic mail submission will not be accepted and will not be deemed filed until a proof of claim is submitted by one of the approved methods described above.

4. **WHO NEED NOT FILE A PROOF OF CLAIM**

The following entities, whose claims otherwise would be subject to the General Bar Date, need <u>not</u> file proofs of claim:

a. any person or entity that already has filed with the Claims Agent or the Clerk of the Bankruptcy Court a signed proof of claim against the Debtor using a claim form that substantially conforms to Official Form No. 410;

b. any person or entity whose claim is listed on the Schedules if (i) the claim is not scheduled as "disputed," "contingent," or "unliquidated" and (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules;

c. any holder of a Claim that previously has been allowed by order of the Court entered on or before the applicable Bar Date;

d. any holder of a Claim that has been paid in full or otherwise satisfied by the Debtor (or any other party);

e. any holder of a Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than a 503(b)(9) Claim, which must be asserted by the General Bar Date); and

f. *any holder of an asbestos-related personal injury or wrongful death claim against the Debtor, including claims for unpaid portions of settled asbestos-related personal injury or wrongful death claims.*

- 3 -

5. **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

ANY ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM AGAINST THE DEBTOR BUT THAT FAILS TO DO SO BY THE APPLICABLE BAR DATE DESCRIBED IN THIS NOTICE SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM THE FOLLOWING:  (A) ASSERTING ANY SUCH CLAIM AGAINST THE DEBTOR OR ITS ESTATE OR PROPERTY THAT (I) IS IN AN AMOUNT THAT EXCEEDS THE AMOUNT, IF ANY, THAT IS IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH ENTITY AS UNDISPUTED, NONCONTINGENT, AND LIQUIDATED OR (II) IS OF A DIFFERENT NATURE OR CLASSIFICATION THAN ANY SUCH CLAIM IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH ENTITY (ANY SUCH CLAIM IN THIS SUBSECTION (A) BEING REFERRED TO IN THIS NOTICE AS AN "<u>UNSCHEDULED CLAIM</u>"); OR (B) VOTING UPON, OR RECEIVING DISTRIBUTIONS UNDER, ANY CHAPTER 11 PLAN IN THIS CHAPTER 11 CASE IN RESPECT OF AN UNSCHEDULED CLAIM.

6. **THE DEBTOR'S SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtor in the Schedules.  If you rely on the Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

Copies of the Schedules and other information and documents regarding this Chapter 11 Case are available for inspection free of charge by contacting the Claims Agent using the contact information set forth in section 7 below.  Copies of the Schedules and other documents filed in this Chapter 11 Case also may be examined between the hours of 9:00 a.m. and 4:30 p.m. ET, Monday through Friday, at the United States Bankruptcy Court for the Northern District of Georgia, Rome Division, Office of the Clerk of Court, 600 East First Street, Rome, GA 30161.

7. **ADDITIONAL INFORMATION**

If you require additional information regarding the filing of a proof of claim, you may contact the Claims Agent by telephone at (973) 509-3190.  You also may contact the Claims Agent by writing to:

> Logan & Company, Inc.
> 546 Valley Road
> Upper Montclair, NJ 07043
> Attn:  The Fairbanks Company

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTOR SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

- 4 -

Dated:  August 10, 2018          Respectfully submitted,

         By:    */s/ William L. Rothschild*
         Paul M. Singer (*pro hac vice* admission pending)
         Luke A. Sizemore (*pro hac vice* admission pending)
         REED SMITH LLP
         225 Fifth Avenue, Suite 1200
         Pittsburgh, PA 15222
         Telephone:  (412) 288-3131
         Facsimile:  (412) 288-3063
         Email:  psinger@reedsmith.com
         Email:  lsizemore@reedsmith.com

         William L. Rothschild
         GA Bar I.D. 616150
         OGIER, ROTHSCHILD & ROSENFELD, PC
         Sandy Springs Office
         450 Winfield Glen Court
         Sandy Springs, GA  30342
         Telephone:  (404) 525-4000
         Facsimile:  (678) 381-1175
         Email:  br@orratl.com

         *Proposed Counsel to Debtor and Debtor-in-Possession*