

**IT IS ORDERED as set forth below:**

**Date: September 12, 2018**

_____
**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

| | |
|---|---|
| IN RE: | Chapter 11 |
| THE FAIRBANKS COMPANY, | Case No. 18-41768-PWB |
| Debtor. | **ORDER (I) ESTABLISHING BAR DATES FOR SUBMITTING NON-ASBESTOS PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING NON-ASBESTOS PROOFS OF CLAIM; AND (III) APPROVING NOTICE THEREOF** |

Upon the *Debtor's Motion for Entry of an Order (I) Establishing Bar Dates for Submitting Non-Asbestos Proofs of Claim, (II) Approving Procedures for Submitting Non-Asbestos Proofs of Claim, and (III) Approving Notice Thereof* (the "Motion");[1] and the Court having reviewed the Motion and the First Day Declaration; and the Court finding that: (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) notice of the Motion and the hearing thereon was sufficient under the circumstances; (iii) the relief sought in the Motion is

---

[1] Capitalized terms used but not defined in this order have the meanings given in the Motion.

in the best interests of the Debtor, its estate, creditors, and all parties-in-interest; and (iv) the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED as set forth herein.

2. Except as otherwise provided herein, all persons and entities including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts that assert a Claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtor that arose prior to the Petition Date, including unpaid 503(b)(9) Claims, shall file an original, written proof of such Claim that substantially conforms to Official Form No. 410 so as to be *actually received* by the Claims Agent on or before **5:00 p.m. prevailing Eastern Time on November 14, 2018** (the "General Bar Date").

3. Except as otherwise provided herein, all governmental units that assert a Claim against the Debtor that arose prior to the Petition Date shall file an original, written proof of such Claim that substantially conforms to Official Form No. 410 so as to be *actually received* by the Claims Agent on or before **5:00 p.m. prevailing Eastern Time on January 28, 2019** (the "Governmental Bar Date").

4. Any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease shall, unless otherwise stated in the order authorizing such rejection, file an original, written proof of such Claim based on such rejection that substantially conforms to Official Form No. 410 so as to be *actually received* by the Claims Agent on or before the later of: (i) the General Bar Date; or (ii) the date that is thirty (30) days after the entry of the

order authorizing such rejection (the "Rejection Damages Bar Date" and, collectively with the General Bar Date and the Governmental Bar Date, the "Bar Dates").

5. Notwithstanding the foregoing, the following persons or entities are *not* required to file a proof of claim on or before the applicable Bar Date:

a. any person or entity that already has filed with the Claims Agent or the Clerk of the Bankruptcy Court a signed proof of claim against the Debtor using a claim form that substantially conforms to Official Form No. 410;

b. any person or entity whose claim is listed on the Schedules if (i) the claim is not scheduled as "disputed," "contingent," or "unliquidated" and (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules;

c. any holder of a Claim that previously has been allowed by order of the Court entered on or before the applicable Bar Date;

d. any holder of a Claim that has been paid in full or otherwise satisfied by the Debtor (or any other party);

e. any holder of a Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than a 503(b)(9) Claim, which must be asserted by the General Bar Date); and

f. ***any holder of an asbestos-related personal injury or wrongful death claim against the Debtor, including claims for unpaid portions of settled asbestos-related personal injury or wrongful death claims.***

6. For the avoidance of doubt, holders of asbestos-related personal injury or wrongful death claims, including any claims for unpaid portions of settled asbestos-related personal injury or wrongful death claims are not required to, and should *not*, file a proof of claim in this Chapter 11 Case at this time.

7. To be filed properly pursuant to this Order, each proof of claim shall: (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) be written in the English; (iii) be denominated in United States currency; and (iv) conform substantially with Official Form 410.

8.  Any proof of claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtor in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtor under Section 546(c) of the Bankruptcy Code (if applicable).

9.  Parties who wish to receive proof of receipt of their proofs of claim from the Claims Agent must include with their proof of claim a copy of their proof of claim and a self-addressed, stamped envelope.

10.  Each proof of claim, including supporting documentation, must be submitted so that the Claims Agent *actually receives* the proof of claim on or before the applicable Bar Date by first-class U.S. Mail, personal delivery, or overnight courier, which proof of claim must include an *original* signature, at the following address:

> Logan & Company, Inc.
> 546 Valley Road
> Upper Montclair, NJ 07043
> Attn:  The Fairbanks Company

11.  Any person or entity that is required to file a proof of claim in the form and manner specified by this Order and that fails to do so on or before the applicable Bar Date shall not receive or be entitled to receive any payment or distribution of property from the Debtor, its estate, or its successors or assigns with respect to such claim, and shall be forever barred from asserting such claim against the Debtor, its estate, or its successors or assigns.

12.  Notice of the entry of this Order and of the Bar Dates in a form substantially similar to the notice attached to the Motion as Exhibit B, modified as set forth in the last sentence of this paragraph  (as modified, the "Bar Date Notice"), which notice (as so modified) is hereby

approved in all respects, constitutes good, adequate, and sufficient notice if it is served, together with a proof of claim form, by being deposited in the United States Mail, first-class postage prepaid, not more than three (3) business days after the entry of this Order on: (i) all parties identified on the Master Service List established in this Chapter 11 Case; (ii) all persons or entities that have filed proofs of claim against the Debtor; (iii) all creditors and other known holders of potential claims against the Debtor, including all persons or entities listed in the Debtor's schedules of assets and liabilities, *other than the Asbestos Claimants*; (iv) all parties to litigation with the Debtor or their counsel (if known), *other than the Asbestos Claimants*; and (v) the Internal Revenue Service and any other applicable governmental units. The Bar Date Notice shall be substantially similar to Exhibit B with the following modifications: (i) in the first indented paragraph on the first page, beginning at the second word, the date shall be the date of entry of this Bar Date Order; and (ii) in the next paragraph of the Bar Date Order, the "General Bar Date" shall be November 14, 2018.

13. Nothing in this Order shall prejudice the right of the Debtor or any party-in-interest to dispute, or to assert offsets or defenses to, any claim or interest reflected on the Debtor's Schedules as to amount, liability, classification, or otherwise and to subsequently designate any claim as disputed, contingent, or unliquidated.

14. The Debtor is hereby authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

15. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

16. Counsel for the Debtor shall serve a copy of this order on the Master Service List and file a certificate of service within three business days of entry of this order. Notice of the order by ECF or email shall constitute good and sufficient notice of the order.

**END OF ORDER**

Order presented by:

*/s/ William L. Rothschild*
William L. Rothschild (GA Bar I.D. 616150)
OGIER, ROTHSCHILD & ROSENFELD, PC
Sandy Springs Office
450 Winfield Glen Court
Sandy Springs, GA 30342
Telephone: (404) 525-4000
Facsimile: (678) 381-1175
Email: br@orratl.com

*Counsel to Debtor and Debtor-in-Possession*

SERVICE LIST

Martin P. Ochs, Esq.
Office of The United States Trustee
75 Ted Turner Drive, S.W., Room 362
Atlanta, GA 30303

William L. Rothschild, Esq.
OGIER, ROTHSCHILD & ROSENFELD, PC
Sandy Springs Office
450 Winfield Glen Court
Sandy Springs, GA 30342

Paul M. Singer, Esq.
Luke A. Sizemore, Esq.
REED SMITH LLP
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222