# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 )  ) Case No. 18-41768-PWB |
| THE FAIRBANKS COMPANY, | ) )  ) |
| Debtor. | ) )  ) |

**SUPPLEMENTAL MEMORANDUM OF LAW OF THE
UNITED STATES TRUSTEE IN SUPPORT OF: (I) OBJECTION
TO DEBTOR'S MOTION FOR AN ORDER APPOINTING
JAMES L. PATTON, JR., AS LEGAL REPRESENTATIVE
FOR FUTURE ASBESTOS CLAIMANTS; AND (II)
MOTION OF THE UNITED STATES TRUSTEE TO APPOINT A LEGAL
REPRESENTATIVE FOR FUTURE ASBESTOS CLAIMANTS**

The United States Trustee, by his undersigned counsel, submits this supplemental memorandum of law (the "Supplemental Memorandum") in support of: (i) his objection (the "Objection") to the motion of The Fairbanks Company (the "Debtor") for an order appointing James L. Patton, Jr., as the legal representative of future asbestos claimants (the "FCR") in the above-captioned case under 11 U.S.C. § 524(g)(4)(B)(i) (Dkt. 134) (the "Debtor Motion"), and (ii) the Motion of the United States Trustee to Appoint a Legal Representative for Future Asbestos Claimants (Dkt. 157) (the "UST Motion"), in response to the Court's invitation for additional briefing at the status conference held on January 8, 2019.

The United States Trustee submits this Supplemental Memorandum for the limited purpose of addressing more fully two issues raised in the various responses

to the Objection and the UST Motion and at the January 8 status conference: (i) the deference, if any, that should be given to the Debtor's selection of Mr. Patton; and (ii) the substantive factors that should guide the Court in making its selection of an FCR. The United States Trustee reiterates, but does not repeat here, all other arguments discussed in his Objection and UST Motion.

### A. The Court Should Independently Select an FCR and Should Not Defer to the Choices of Adverse Parties.

1. The Debtor concedes, as it must, that under section 524(g), the Court has the exclusive power to appoint the FCR. *See* Reply in Further Support of Debtor's Motion for an Order Appointing James L. Patton, Jr. as Legal Representative for Future Asbestos Claimants (Dkt. 136) at 6 (the "Debtor Reply"). Despite this, the Debtor proposes that the Court consider only a single candidate, the nominee of the Debtor, and consider just two issues: "whether the [Debtor] Motion is proper from a procedural perspective" and whether the Debtor's nominee is "'disinterested' and qualified to serve as Future Claimants' Representative." *Id.* at 5-6.

2. The Debtor's approach—which would give the Debtor the exclusive right to nominate an FCR, would prohibit the Court from considering any candidate not proposed by the Debtor, and would reduce the Court's function to a simple review for disinterestedness and procedural compliance—effectively delegates away the Court's authority to choose an FCR and is supported by neither the text nor the purpose of section 524(g). Under this approach, the Court would apply essentially the same deferential analysis to the Debtor's nomination of an FCR as it would to the Debtor's selection of its own professionals. *See In re Vouzianas*, 259 F.3d 103, 108 (2d Cir. 2001) ("[o]nly in the rarest cases should the

trustee be deprived of the privilege of selecting his own counsel") (alteration in original) (internal quotation omitted).

3. But the Debtor's approach overlooks a fundamental difference between how trustees and estate professionals are appointed and how FCRs are appointed. In the case of trustees, examiners, and estate professionals, the Bankruptcy Code expressly authorizes a party other than the bankruptcy court to select the professional or fiduciary, subject to the court's approval. *See* 11 U.S.C. §§ 327(a) (trustee or debtor "may employ" professionals); 1104(d) (United States Trustee "shall appoint" individual to serve as trustee or examiner). But section 524(g) reserves the power of appointment of the FCR to the bankruptcy court alone—and based on the history and policy concerns underlying section 524(g), this was certainly deliberate. *See In re Johns-Manville Corp.*, 36 B.R. 743, 750 n.4 (Bankr. S.D.N.Y. 1984) (noting that future asbestos claimants required "independent" representative who would be appointed by court); *In re UNR Industries, Inc.*, 46 B.R. 671, 674-75 (Bankr. N.D. Ill. 1985) (same); H.R. Rep. No. 103-835 at 41, reprinted in 1994 U.S.C.C.A.N. 3340, 3348 (explaining that section 524(g) would "simulat[e]" the plan confirmed in *Manville* and *UNR*). Nothing in section 524(g) permits the debtor or present asbestos claimants to make the initial selection of the FCR or authorizes the bankruptcy court to approve that selection under a deferential standard of review. Just as it would be error for the bankruptcy court to substitute its judgment for that of the debtor regarding the selection of estate counsel, it would be error for the court to defer to the Debtor and not exercise its independent judgment regarding the selection of the FCR.

4. At most, the Debtor's nomination of Mr. Patton is a suggestion that the Court may—but is not required to—consider, but it should not do so to the exclusion of all other candidates. The Court may properly choose to assign little or

no weight to the Debtor's preferences because the principal function of the FCR is to be an adversary of the Debtor and the present asbestos claimants. As the United States Trustee stated in the Objection, the Bankruptcy Code does not contemplate that fiduciaries will be selected by the very parties they will be appointed to oppose, and there is no reason to depart from that principle here. *See In re TBR USA, Inc.*, 429 B.R. 599, 629 (Bankr. N.D. Ind. 2010) (noting that Congress did not intend to allow creditors with disputed claims to "choose their opponent").

**B.     The Court's Selection of an FCR Should Be Based on Protecting the Due Process Rights of Absent Future Claimants.**

5.     Although section 524(g) does not explicitly recite factors that the Court should consider when choosing an FCR, both the history and the purpose of section 524(g) suggest that the Court's paramount concern should be protecting the due process rights of the future asbestos victims whom the FCR will represent. The principal function of the FCR in asbestos-related bankruptcy cases is to provide due process to absent and unknown future claimants. *See In re W.R. Grace & Co.*, 729 F.3d 311, 323 (3d Cir. 2013) (noting that future asbestos victims "lack the ability to protect their own interests during the bankruptcy proceeding").

6.     Indeed, the failure of an FCR to provide due process would be fatal to the Debtor's ability to reorganize because a plan confirmed without due process may not bind future claimants and may render the plan and the section 524(g) injunction ineffective against them. *See In re Johns-Manville Corp.*, 551 B.R. 104, 114 (S.D.N.Y. 2016) (noting that a trust mechanism that did not provide future claimants with adequate representation would not satisfy due process).

7.     At a minimum, protecting those rights requires that the proposed FCR should not only meet the minimum standard of disinterestedness, but should also

be fully independent and free of any connection that could impair the ability to defend vigorously and effectively the rights of future claimants.

8. Although fiduciaries for absent parties are rare in bankruptcy cases, they are well known in other areas of law. *See, e.g., Kollsman v. Cohen*, 996 F.2d 702, 706 (4th Cir. 1993) (holding that participation of guardian *ad litem* is "necessitated" in litigation involving an absent party). In particular, when an absent party will be bound by the decisions of a representative—as the unknown future claimants will be—due process requires that the representative "have the capacity to vigorously and conscientiously prosecute" those parties' rights and "be free from economic interests that are antagonistic to the interests of the class." *Larson v. Dumke*, 900 F.2d 1363, 1367 (9th Cir. 1990). Conversely, due process cannot be satisfied if the appointment of the representative was collusive, *see Hansberry v. Lee*, 311 U.S. 32, 45 (1940), and the Court may disqualify a representative based on the appearance of conflict alone. *See, e.g., Radner v. IAS Warranty, Inc.*, No. 17-12704, 2018 WL 4352692, at *6 (E.D. Mich. Sept. 12, 2018) (denying appointment of proposed class representative based on appearance of conflict arising out of proposed representative's "multiple legal business relationships" with counsel).

9. Due process requires not only that absent parties be represented, but that they be represented adequately. *See Hansberry*, 311 U.S. at 45; *Scott v. Univ. of Del.*, 601 F.2d 76, 84–85 (3d Cir. 1979) ("Adequate representation . . . is constitutionally mandated if absent class members are to be bound by the judgment"). For this reason, courts have not hesitated to find a lack of adequate representation, and thus a due process violation, when the proposed representative for the absent parties has been selected by a party with an adverse interest in the case. *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 50, 54 Cal. Rptr. 3d 13, 23

(2007) (parent who had actual or potential conflict of interest with child could not select child's guardian *ad litem*); *Gray v. Gladney Ctr.*, 79 Ark. App. 165, 176, 87 S.W.3d 797, 804 (2002) (Hart, J., concurring) (noting that in adoption proceeding, it would be "troubling" for person selected and paid by adoption agency to act as guardian *ad litem* for minor mother).  Such were the facts of *Hansberry*, which held that absent homeowners could not be bound by the result of an earlier lawsuit seeking to uphold a racially restrictive covenant when the nominal defendants in the first lawsuit were actually aligned with the plaintiffs and shared their interest in enforcing the covenant. *Hansberry*, 311 U.S. at 45 (noting that "it does not appear that [defendants'] interest in defeating the contract outweighed their interest in establishing its validity").

10. Because the Court owes no deference to the Debtor's selection of Mr. Patton, the critical issue before the Court is not whether he is technically eligible to be appointed, but whether he is the best possible candidate to protect the due process rights of absent future claimants.  For the reasons stated above and in the United States Trustee's initial Objection, the interests of those claimants will be better served by a fiduciary free of entanglements with the other parties in this case and who does not owe his or her appointment to adverse parties.  Accordingly, the appointment of Mr. Patton should be denied, and the UST Motion should be granted.

**[CONTINUED ON NEXT PAGE]**

WHEREFORE, the United States Trustee requests that the Court: (i) deny the appointment of Mr. Patton and (ii) the grant the United States Trustee's Motion and all other appropriate and just relief.

Dated:  January 14, 2019

> DANIEL M. MCDERMOTT,
> UNITED STATES TRUSTEE, REGION 21
>
> *s/ Martin P. Ochs*
> MARTIN P. OCHS
> NY Bar No. MO-1203
> GA Bar No. 091608
> United States Department of Justice
> Office of the United States Trustee
> 362 Richard B. Russell Building
> 75 Ted Turner Drive
> Atlanta, Georgia  30303
> (404) 331-4437
> martin.p.ochs@usdoj.gov

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 )  ) Case No. 18-41768-PWB |
| THE FAIRBANKS COMPANY, | ) ) |
| Debtor. | ) ) ) |

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2019, I served a copy of this:

**SUPPLEMENTAL MEMORANDUM OF LAW OF THE
UNITED STATES TRUSTEE IN SUPPORT OF: (I) OBJECTION
TO DEBTOR'S MOTION FOR AN ORDER APPOINTING
JAMES L. PATTON, JR., AS LEGAL REPRESENTATIVE
FOR FUTURE ASBESTOS CLAIMANTS; AND (II)
MOTION OF THE UNITED STATES TRUSTEE TO APPOINT A LEGAL
REPRESENTATIVE FOR FUTURE ASBESTOS CLAIMANTS**

by electronic mail at the electronic mail addresses indicated below, on the following parties:

**COUNSEL TO
DEBTOR**

William L. Rothschild, Esq.
Email: br@orratl.com

Paul M. Singer, Esq.
Luke A. Sizemore, Esq.
Email: psinger@reedsmith.com
Email: lsizemore@reedsmith.com

Andrew M. Roman, Esq.
Email: aroman@cohenlaw.com

David F. Russey, Esq.
Email: drussey@cohenlaw.com

### COUNSEL TO THE COMMITTEE OF ASBESTOS CLAIMANTS

Ann C. McMillan, Esq.
Email: amcmillan@capdale.com

Kevin C. Maclay, Esq.
Email: kmaclay@capdale.com

Leslie M. Pineyro, Esq.
Email: lpineyro@joneswalden.com

### COUNSEL FOR ANY FUTURE CLAIMANTS' REPRESENTATIVE APPOINTED BY THE BANKRUPTCY COURT

None

### PARTIES FILING NOTICE OF APPEARANCE AND/OR REQUEST FOR SERVICE PURSUANT TO BANKRUPTCY RULE 2002

Gary W. Marsh
Email: gary.marsh@dentons.com

Robert B. Millner
Email: Robert.millner@dentons.com

Bruce E. Mattock
Email: bmattock@gpwlaw.com

David M. Powlen
Email: david.powlen@btlaw.com

Kevin G. Collins
Email: kevin.collins@btlaw.com

Abby Vineyard
Email: avineyard@btlaw.com

James J. Leonard
Email: jim.leonard@btlaw.com

Lisa Nathanson Busch
Email: LBusch@weitzlux.com

## **DEBTOR'S PROPOSED FCR**

James L. Patton, Jr.
Email: jpatton@ycst.com

*/s/ Martin P. Ochs*
MARTIN P. OCHS

10