# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| In re:<br><br>THE FAIRBANKS COMPANY,<br><br>Debtor. | ) Chapter 11<br>)<br>) Case No. 18-41768-PWB<br>)<br>)<br>)<br>)<br>) |

**OBJECTION OF THE UNITED STATES TRUSTEE
TO APPLICATION OF THE COMMITTEE OF
ASBESTOS CLAIMANTS FOR AN ORDER AUTHORIZING
THE EMPLOYMENT AND RETENTION OF
WEITZ & LUXENBERG P.C. AS SPECIAL LITIGATION COUNSEL**

The United States Trustee, by his undersigned counsel, objects to the motion of the Asbestos Claimants Committee (the "ACC") for an order approving and authorizing the employment and retention of Weitz & Luxenberg, P.C. ("Weitz & Luxenberg"), as the Committee's special litigation counsel (the "Motion").

The United States Trustee does not oppose the ACC's right to be represented by counsel, which it already is pursuant to this Court's order dated November 15, 2018 [Doc. No. 107]. The United States Trustee does, however, oppose the ACC's retention of "special counsel" which is plagued with conflicts and other issues, regardless of whether such counsel is compensated or not.

1. The ACC is already represented by counsel.

2. On November 13, 2018, the ACC filed its application to retain Caplin & Drysdale as its counsel (the "Caplin Retention Application").

1

3. In the Caplin Retention Application, the ACC represented that Caplin & Drysdale was selected as counsel because:

> The professionals at Caplin & Drysdale have substantial experience in bankruptcy cases, including bankruptcies involving mass tort liability, insolvency, corporate reorganization, debtor-creditor, and commercial law, and have participated in numerous proceedings before numerous bankruptcy courts. Caplin & Drysdale represents or has represented official committees of asbestos claimants in bankruptcies in jurisdictions including New Jersey, Pennsylvania, California, Delaware, New York, North Carolina, and Ohio. [Caplin Retention Application, at Par. 10]

4. Despite the representations made in the Caplin Retention Application, the ACC now asserts that it is necessary to retain Wietz & Luxenberg as special counsel, stating that the firm has expertise in asbestos related issues. These are the same skills that the ACC alleged Caplin & Drysdale had when it was retained.

5. Further, Weitz & Luxenberg is not based in Georgia and does not have local counsel. Even if Weitz & Luxenberg represents the ACC without charging for such representation, Weitz & Luxenberg will need to retain local counsel adding yet another layer of expense to an already burdened bankruptcy estate.

6. Although Weitz & Luxenberg will not charge for services to be rendered to the ACC, Caplin & Drysdale will undoubtedly incur fees for managing and overseeing the work of Weitz & Luxenberg, adding a further layer of administrative expense to the estate.

7. The ACC states that Weitz & Luxenberg will be used for the purpose of:

> (a) preparing for and assisting with conducting depositions of the US Trustee's FCR candidates and
> (b) assisting with preparing for any related evidentiary hearing regarding the Court's selection of an FCR. [Weitz Retention Application, at Par. 18]

8. These tasks have been at hand for at least the last two months in this case. Now, on the eve of the long-talked about depositions of the FCR candidates, the ACC has suddenly determined that its experienced counsel needs the aid of additional experienced counsel.

9. The ACC acknowledges that Weitz & Luxenberg previously retained Caplin & Drysdale on a prepetition basis. Now, Caplin & Drysdale is seeking to retain Weitz & Luxenberg as counsel.

10. As the United States Trustee has called to the attention of this and other Courts, the tight-knit asbestos claims community is taking every step imaginable to control the FCR selection and appointment process despite the fact that the statutory framework for such appointment rests that authority with the Court and not the plaintiff's bar, the ACC or its constituents.

11. Although the redundancy and unnecessary expense of Weitz's appointment are, by themselves, reasons to deny the application, the United States Trustee notes that the Weitz firm has numerous connections to the parties and professionals in these cases which the United States Trustee and other parties have had not yet had an opportunity to investigate or consider. As disclosed in Caplin & Drysdale's retention papers, the Weitz and Caplin firms appear to have a longstanding relationship and the Caplin firm has frequently been retained by the Weitz firm as counsel. The Weitz firm is party to a prepetition plan support

agreement in this case, to which other creditors are not a party, which among other terms required the appointment of an individual apparently selected by the Weitz firm as FCR.

12. Finally, on information and belief, the Weitz firm was an active participant in many of the prior cases in which Mr. Patton or his firm participated as FCR or FCR counsel, and was therefore directly involved in some of the conduct and transactions which the Court may be required to consider when evaluating the nomination of Mr. Patton. None of these issues have been fully investigated or vetted, and it is unreasonable to delay these proceedings through an application to appoint Weitz on the very eve of depositions in these cases.

13. The overlapping skills and expertise of the two firms begs the question, why the last minute decision to retain Weitz & Luxenberg?

14. The Court should inquire into these issues before authorizing the ACC's retention of Weitz & Luxenberg.

15. For the foregoing reason, the Court should deny the ACC's proposed retention of Weitz & Luxenberg until such time as the Court and the United States Trustee has had an opportunity to inquire into the basis for the ACC's retention of Weitz & Luxenberg.

WHEREFORE, the United States Trustee requests that the Court: (i) deny the ACC's request to retain Weitz & Luxenberg as special counsel; and (ii) grant such other relief as is necessary and appropriate.

DANIEL M. MCDERMOTT,
UNITED STATES TRUSTEE, REGION 21
*s/ Martin P. Ochs*
MARTIN P. OCHS
NY Bar No. MO-1203
GA Bar No. 091608
United States Department of Justice

                        Office of the United States Trustee
                        362 Richard B. Russell Building
                        75 Ted Turner Drive
                        Atlanta, Georgia  30303
                        (404) 331-4437
                        martin.p.ochs@usdoj.gov

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

**CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2019, I served a copy of this:

**OBJECTION OF THE UNITED STATES TRUSTEE
TO APPLICATION OF THE COMMITTEE OF
ASBESTOS CLAIMANTS FOR AN ORDER AUTHORIZING
THE EMPLOYMENT AND RETENTION OF
WEITZ & LUXENBERG P.C. AS SPECIAL LITIGATION COUNSEL**

by electronic mail, on the following parties:
Paul Singer, attorney for the debtor, psinger@reedsmith.com
Luke Sizemore, attorney for the debtor, lsizemore@reedsmith.com
Bill Rothschild, attorney for the debtor, br@orratl.com
Kevin Maclay, attorney for the asbestos claimants committee, kmaclay@capdale.com
Kevin Davis, attorney for the asbestos claimants committee, KDavis@Capdale.com
Todd Phillips, attorney for the asbestos claimants committee, tphillips@capdale.com
Leslie Pinyero, attorney for the asbestos claimants committee, lpineyro@joneswalden.com
Robin L. Cohen, special counsel for asbestos claimants committee, rcohen@mckoolsmith.com
Lisa Nathason Busch attorney for member of the asbestos claimants committee, LBusch@weitzlux.com
Joseph Belluck attorney for member of the asbestos claimants committee, jbelluck@belluckfox.com
Bruce E. Mattock attorney for member of the asbestos claimants committee, bmattock@gpwlaw.com

Gary W. Marsh, attorney for Liberty Mutual, Gary.Marsh@dentons.com
James L. Patton, Jr., proposed FCR, jpatton@ycst.com

*/s/ Martin P. Ochs*
MARTIN P. OCHS