**IT IS ORDERED as set forth below:**



Date: May 19, 2021

_____

Paul W. Bonapfel
U.S. Bankruptcy Court Judge

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| THE FAIRBANKS COMPANY, | : | Case No.  18-41768-PWB |
| | : | |
| DEBTOR. | : | Chapter 11 |
| | : | |

**ORDER REQUESTING DISTRICT COURT TO ESTABLISH
MISCELLANEOUS PROCEEDING FOR THE PURPOSE
OF CONSIDERATION OF ENTRY OF A CONFIRMATION
ORDER BY A DISTRICT JUDGE**

The Fairbanks Company (the "Debtor") is a small business in Rome, Georgia. It previously manufactured, sold or distributed a line of bronze and iron valves that contained asbestos packing.

For many years, the Debtor was a defendant in litigation in multiple jurisdictions in which individuals have asserted claims for personal injury and wrongful death as a result of alleged exposure to asbestos-containing products that it manufactured, sold, or distributed. The Debtor estimates that, at the time of the filing of its voluntary chapter 11 case on July 31, 2018, approximately 1,100 claims seeking damages for alleged exposure were pending against it.

The Debtor was also a party to litigation with its insurers, including Liberty Mutual Insurance Company ("Liberty Mutual"); National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union"); and Travelers Casualty and Surety Company, Travelers Casualty Company of Connecticut, and The Travelers Indemnity Company (collectively, "Travelers") (collectively, the "Insurers"). Disclosure Statement With Respect to the First Amended Plan of Reorganization of The Fairbanks Company Under Chapter 11 of the Bankruptcy Code at 2-5 [Doc. No. 737 at 21-24] (the "Disclosure Statement").

The Debtor filed this chapter 11 case to resolve all existing and future asbestos claims in accordance with 11 U.S.C. § 524(g). Disclosure Statement at 6 [Doc. No. 737 at 25]. On October 28, 2018, the U.S. Trustee appointed the Committee of Asbestos Claimants (the "Committee"). [Doc. No. 92]. On April 17, 2019, the Court appointed James L. Patton, Jr., as a legal representative for the purpose of protecting the rights of persons that might subsequently assert asbestos claims, a condition for application of § 524(g). 11 U.S.C. § 524(g)(4)(B)(i). [Doc. No. 260]. This representative is commonly referred to as the "Future Claimants' Representative" (the "FCR").

On April 29, 2019, the Debtor, the Committee, and the FCR (collectively, the "Plan Proponents") jointly filed the First Amended Plan of Reorganization of The Fairbanks Company Under Chapter 11 of the Bankruptcy Code (the "Plan"). [Doc. No. 721].

In general, the Plan provides for the following:

1. The creation of the Fairbanks Personal Injury Trust (the "Asbestos Trust").

2. The Asbestos Trust will receive the following assets (Disclosure Statement at vii-viii [Doc No. 737 at 9-10].

    a. Initial cash funding from settlements with the Insurers, provided that a final order of this Court approves the settlements, as follows:

        i. From Liberty Mutual, $ 46,658,500, less certain adjustments that may be required under the settlement agreement;

        ii. From National Union, $ 475,000; and

        iii. From Travelers, $714,639.32.

    b. 100 percent of the newly issued equity interests of the reorganized Debtor, which will be liquidated after confirmation;

    c. Any cash remaining in the Administrative Fund established pursuant to the settlement with Liberty Mutual after satisfaction of liabilities for which it was established (generally, administrative expenses in the chapter 11 case);

    d. All rights and claims of Liberty Mutual against certain Asbestos Insurance Entities arising from Asbestos Claims; and

    e. Rights against non-settling insurance companies.

3. The Asbestos Trust will assume liability for Asbestos Claims and use its assets to resolve the Asbestos Claims and to compensate eligible claimants. Disclosure Statement at ii [Doc. 737 at 4].

4. An injunction will be issued under 11 U.S.C. § 524(g) that will prohibit demands for Asbestos Claims against the Debtor and the Reorganized Debtor, as well as other Asbestos

3

Protected Parties,[1] based on any purported liability arising from their ownership of or relation to the Debtor or based on actual or alleged liability with respect to Asbestos Claims related to or arising from the conduct or products of the Debtor that purportedly caused asbestos-related personal injury or wrongful death, including any claim based upon a theory of veil piercing, alter ego, successor liability, fraudulent conveyance, or conspiracy. This type of injunction is commonly referred to as a "channeling injunction."

The effect of "channeling" Asbestos Claims to the Asbestos Trust is that they may be pursued through, and paid from, only the Asbestos Trust, in accordance with the Asbestos Trust Distribution Procedures.[2] See Disclosure Statement at vii [Doc. No. 737 at 9]. After Asbestos Claims are "channeled" to the Asbestos Trust, they may not be asserted against any of the Asbestos Protected Parties.

The Court on May 4, 2021, entered an Order approving the Disclosure Statement and scheduling a hearing on confirmation of the Plan for 10 a.m. on July 8, 2021, in Courtroom 1401, U.S. Courthouse, 75 Ted Turner Drive, Atlanta, Georgia. The Order scheduled for the same time the hearing to consider approval of the settlements with Liberty Mutual, National Union, and Travelers. [Doc. No. 732].

11 U.S.C. § 524(g)(2)(B) sets forth certain requirements for the issuance of a channeling injunction. 11 U.S.C. § 524(g)(4)(B)(ii) provides that a channeling injunction is valid and

---

[1] "Asbestos Protected Parties" includes the Debtor, the reorganized Debtor, any current representative or shareholder of the foregoing solely in their capacity as such, Liberty Mutual, National Union, Travelers, and each other insurance entity that is protected as a result of its participation in a settlement that the Court approves, and any entity that under the Plan or through a sale, merger, or other corporate transaction becomes a direct or indirect transferee or successor of the Debtor of any portion of the Debtor's assets, solely in their capacity as such. See Disclosure Statement at vii [Doc. No. 737 at 9].

[2] The Disclosure Statement at viii – xi [Doc. No. 737 at 10-13] summarizes the Asbestos Trust Distribution Procedures.

effective to bar demands against the debtor or third parties channeled to the trust if "the court determines, before entering the order confirming such plan," that it "is fair and equitable with respect to persons that might subsequently assert such demands, in light of the benefits provided, or to be provided, to such trust on behalf of such debtor or debtors or such third party."

The Plan Proponents contend that the Plan and the provisions for payment of Asbestos Claims through the Asbestos Trust meet these requirements. These are matters, among others, to be determined in connection with consideration of confirmation of the Plan.

11 U.S.C. § 524(g)(3)(A) provides that a channeling injunction is valid and effective if the requirements of § 524(g)(2)(B) are met, the district court with jurisdiction over the case "issued or affirmed" the order confirming the plan of reorganization, and the time for appeal has expired.

Because it is thus necessary that a District Judge issue an order confirming the Plan for the channeling injunction to be valid and effective, this Court requests and recommends that the District Court establish a Miscellaneous Proceeding and withdraw the reference pursuant to 28 U.S.C. § 157(d) for the limited purposes of assigning a District Judge to this case and the District Judge's consideration of the issuance or affirmance of a confirmation order and the issuance of a § 542(g) channeling injunction in connection therewith pursuant to procedures that the District Judge prescribes, with the reference otherwise remaining in effect for all other proceedings and matters, including this Court's hearing on confirmation. The Court recommends that the District Judge enter a proposed order in the Miscellaneous Proceeding in the form attached hereto as Exhibit "A".

Based on, and in accordance with, the foregoing, it is hereby **ORDERED** as follows:

1. The Clerk of this Court shall submit a copy of this Order to the Clerk of the U.S. District Court for the Northern District of Georgia with a request to establish a Miscellaneous Proceeding as set forth above.

2. Copies of this Order shall be transmitted to the persons shown on the Distribution List.

**[END OF ORDER]**

EXHIBIT "A"

Proposed Order for Miscellaneous Proceeding

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Misc. Proc. No. _____ |
| THE FAIRBANKS COMPANY, | : | |
| | : | **(Bankruptcy Court Chapter 11** |
| DEBTOR. | : | **Case No. 18-41768-PWB)** |
| | : | |

**ORDER FOR LIMITED WITHDRAWAL
OF REFERENCE PURSUANT TO 28 U.S.C. § 157(d)**

In the Chapter 11 case of The Fairbanks Company (the "Debtor") pending in the Bankruptcy Court, Case No. 18-41768-pwb, the Debtor, the Committee of Asbestos Claimants (the "Committee"), and James L. Patton, Jr., as the legal representative for the purpose of protecting the rights of persons that might subsequently assert asbestos claims, commonly referred to as the "Future Claimants' Representative" (the "FCR") (collectively, the "Plan Proponents") have filed the "First Amended Plan of Reorganization of The Fairbanks Company Under Chapter 11 of the Bankruptcy Code" (the "Plan"). [Bankruptcy Doc. No. 721]. The Bankruptcy Court has scheduled a hearing on confirmation of the Plan for August 10, 2021 (the "Confirmation Hearing"). [Bankruptcy Docket No. 732].

The Plan contemplates the creation and funding of an Asbestos Trust to pay current and future claims arising out of exposure to asbestos for which the Debtor is allegedly liable, the "channeling" of all such claims to the Asbestos Trust, and the issuance of an injunction prohibiting the assertion of any demands with regard to such exposure against the Debtor, the reorganized Debtor, and certain other third parties, all pursuant to 11 U.S.C. § 524(g).

7

11 U.S.C. § 524(g)(3)(A) provides that a channeling injunction is valid and effective if the requirements of § 524(g)(2)(B) are met, the district court with jurisdiction over the case "issued or affirmed" the order confirming the plan of reorganization, and the time for appeal has expired.

Because it is thus necessary that a District Judge issue or affirm an order confirming the Plan for the channeling injunction to be valid and effective, the Bankruptcy Court has requested and recommended that this Court establish a Miscellaneous Proceeding and withdraw the reference pursuant to 28 U.S.C. § 157(d) for the limited purposes of this Court's consideration of the issuance or affirmance of a confirmation order and the issuance of a § 542(g) channeling injunction in connection therewith pursuant to procedures that this Court prescribes, with the reference otherwise remaining in effect for all other proceedings and matters.

The Court having determined that it is appropriate to withdraw the reference for this limited purpose, it is hereby **ORDERED** as follows:

1. Pursuant to 28 U.S.C. § 157(d), the reference to the Bankruptcy Court pursuant to 28 U.S.C. § 157(a) and LR 83.7, ND Ga. is hereby withdrawn, in part, for the limited purpose of this Court's consideration of the issuance or affirmance of an order confirming the Plan filed by the Plan Proponents and the issuance of an injunction in connection therewith pursuant to 11 U.S.C. § 524(g).

2. The reference shall remain in effect with regard to all other proceedings and matters in the Bankruptcy Court, including proceedings with regard to confirmation of the Plan and the Confirmation Hearing, other than issuance of a confirmation order and § 542(g) injunction.

3. The Court will prescribe procedures for its consideration of the issuance or affirmance of an order confirming the Plan by separate order.

4.  The Clerk of this Court shall transmit a copy of this Order to the Clerk of the Bankruptcy Court for entry on the Bankruptcy Court's docket and for the Bankruptcy Clerk to distribute copies to appropriate parties in interest.

So ordered this ___ day of _____, 2021.

_____
UNITED STATES DISTRICT JUDGE

# DISTRIBUTION LIST

REED SMITH LLP
Paul M. Singer, Esq.
Andrew J. Muha, Esq.
Luke A. Sizemore, Esq.
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222

OGIER, ROTHSCHILD & ROSENFELD, PC
William L. Rothschild
450 Winfield Glen Court
Sandy Springs, GA 30342

*Counsel to Debtor and Debtor-in-Possession*

CAPLIN & DRYSDALE, CHARTERED
Kevin C. Maclay, Esq.
Todd E. Phillips, Esq.
One Thomas Circle, N.W.
Washington, D.C. 20005

JONES & WALDEN, LLC
Leslie Pinyero
21 Eighth Street, NE
Atlanta, GA 30309

*Counsel to the Committee of Asbestos Claimants*

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Edwin J. Harron, Esq.
Sara Beth A.R. Kohut, Esq.
Rodney Square
1000 North King Street
Wilmington, DE 19801

SCROGGINS & WILLIAMSON, P.C.
J. Robert Williamson
4401 Northside Parkway, Suite 450
Atlanta, GA 30327

*Counsel to the Future Claimants' Representative*

DENTONS US LLP
Gary W. Marsh
303 Peachtree Street, Suite 5300
Atlanta, GA 30308

DENTONS US LLP
Robert B. Millner
233 South Wacker Dr., Suite 5900
Chicago, IL 60606-6361

*Counsel to Liberty Mutual Insurance Company*

BROOOKS & WARNER, LLC
Michael E. Brooks
Jill Warner
1768 Century Blvd NE, Suite B
Atlanta, GA 30345

DAVID CHRISTIAN ATTORNEYS, LLC
David Christian
105 W. Madison St., 14th Floor
Chicago, IL 60602

*Counsel to National Union Fire Ins. Co.*

FAEGRE DRINKER BIDDLE & REATH LLP
Michael P. Pompeo
1177 Avenue of the Americas, 41st Floor
New York, NY 10036

LEWIS BRISBOIS BISGAARD & SMITH LLP
Christopher C. Meeks
Seth M. Friedman
1180 Peachtree Street NE, Suite 2900
Atlanta, GA 30309

*Counsel to The Travelers Indemnity Company*

Martin P. Ochs
Office of the U. S. Trustee
362 Richard Russell Federal Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303